FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 30 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TROY JENNINGS,

              Petitioner,

– against –

UNITED STATES OF AMERICA,

              Respondent.

**MEMORANDUM AND ORDER**

11-cv-2181
11-cv-1973

**JACK B. WEINSTEIN, United States District Judge:**

    Petitioner's above captioned cases are respectfully referred to the magistrate judge for report and recommendation on the government's motion to revoke petitioner's *in forma pauperis* status.

    This referral is not inconsistent with the court's strong recommendation to the government at the September 27, 2011 hearing that it consider waiving its claims to $34,000 in restitution for the United States Post Office, Corona A Station. In view of petitioner's long history of direct and collateral attacks, and the statutory and case law supporting the original order of restitution, intervention by the district court at this time is inappropriate and without warrant. *See, e.g.*, 18 U.S.C. 3663A(a)(2) (2006) (defining a victim entitled to restitution as any "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern"); *United States v. Boyd*, 222 F.3d 47, 51 (2d Cir. 2000) (holding that it was not plain error for a district court to impose a restitution order that held a participant in a conspiracy liable for all reasonably foreseeable acts of all co-conspirators, even on counts for



which defendant was not charged or was acquitted). Nevertheless, lack of any substantial probability that any appreciable restitution will be possible, and the inhibiting impact on rehabilitation during incarceration and supervised release of the overhanging financial obligation, make a waiver of the restitution desirable and equitable.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: September 30, 2011
       Brooklyn, New York